**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PATRICK BARNICLE, on Behalf of Himself and Others Similarly Situated,

Plaintiff,

vs.

MELLANOX TECHNOLOGIES, LTD, EYAL WALDMAN, MICHAEL GRAY and JACOB SHULMAN,

Defendants.

Case No. 13-cv-00925 (AKH)

VALENTIN PETROV, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

MELLANOX TECHNOLOGIES, LTD, EYAL WALDMAN, MICHAEL GRAY and JACOB SHULMAN,

Defendants.

Case No. 13-cv-01225 (AKH)

DAVID R. RYAN, JR., Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

MELLANOX TECHNOLOGIES, LTD, EYAL WALDMAN, MICHAEL GRAY and JACOB SHULMAN,

Defendants.

Case No. 13-cv-01047 (AKH)

**MEMORANDUM IN FURTHER SUPPORT OF THE MOTIONS OF EISENBERG O. MANAGEMENT & CONSULTING LTD. AND THE MELLANOX INSTITUTIONAL INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF LEAD COUNSEL, AND IN RESPONSE TO COMPETING MOTIONS**

Eisenberg O. Management & Consulting Ltd. ("Eisenberg"), Harel Provident Funds and Education Funds Ltd., Harel Atidit Provident Funds Ltd., Harel Pension Fund Management Company Ltd., Israeli Shares Partnership, and Dikla Insurance Company Ltd. (collectively, "Harel"); Clal Insurance Ltd., Clal Pension and Provident Fund Ltd. and Atudot Pension Fund for Employees and Independents Ltd. (collectively, "Clal"); and, Menora Mivtachim Pension Ltd., Menora Mivtachim Insurance Ltd. and Menora Mivtachim and Histadrut Hamehandesim Management Provident Funds Ltd. (collectively "Menora" and, together with Harel and Clal, the "Mellanox Institutional Investor Group") (collectively, altogether, "Movants") respectfully submit this memorandum of points and authorities in further support of their motions for (1) appointment as Lead Plaintiffs pursuant to Section 21D(A)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) approval of their selection of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Pomerantz Grossman Hufford Dahlstrom & Gross LLP ("Pomerantz") as Co-Lead Counsel.

## INTRODUCTION

Presently pending before the Court in the above-captioned cases[1] are two motions seeking appointment as lead plaintiff and approval of lead counsel, namely motions filed by (1) Eisenberg and (2) the Mellanox Institutional Investor Group.[2]

[1] The Mellanox Institutional Investor Group filed a motion to consolidate Case No. 13-cv-00925 (AKH), Case No. 13-cv-01225 (AKH), and Case No. 13-cv-01047 (AKH), while Eisenberg separately filed its motion to be appointed lead plaintiff in each case.

[2] A third movant, Shailesh Kadakia, MD, filed three separate motions to appoint Saxena White, P.A. (Dkt. 7), Faruqi & Faruqi LLP (Dkt. 19), and Berstein Liebhard (Dkt. 12) as lead counsel. Kadakia withdrew two motions on April 9, 2013 (Dkt. 29) and April 12, 2013 (Dkt. 33), and then Berstein Liebhard filed a Notice of Non-Opposition to Competing Motions on April 24, 2013 (Dkt. 37). The fourth movant for appointment as lead plaintiff, KBC Asset Management NV, filed its Non-Opposition Response to Competing Motions for Appointment as Lead Plaintiff on April 25, 2013. Dkt. 39.

Recognizing that they both possess a substantial financial interest in the outcome of this Action, that both possess claims typical of the Class, and that both are more than adequate to represent the Class, Eisenberg and the Mellanox Institutional Investor Group respectfully request that the Court appoint them to serve jointly as Lead Plaintiffs in this Action. Movants are a small group comprised of four institutional investors and their subsidiary entities, all of which are headquartered in Israel, and can thus easily and efficiently work together. *See* Mellanox Institutional Investor Group and Eisenberg O. Management & Consulting Ltd.'s Joint Declaration in Support of Stipulation for [Proposed] Order Appointing Lead Plaintiffs and Approving Co-Lead Counsel ("Joint Decl.")[3] at ¶¶ 8-10 (attached to the Declaration of S. Douglas Bunch in Further Support of the Motions of Eisenberg O. Management & Consulting Ltd. and the Mellanox Institutional Investor Group for Appointment as Lead Plaintiff and Appointment of Lead Counsel ("Bunch Decl.") at Ex. 1). Eisenberg and the Mellanox Institutional Investor Group are committed to a zealous, yet efficient, prosecution of this case and intend to be actively involved in this litigation through their commitment to joint decision-making and agreed-upon procedures for oversight of and communication with their counsel. *See* Joint Decl. at ¶ 11. Movants believe their appointment as Lead Plaintiffs will benefit the pursuit of their claims and those of Class members due to Movants' cohesive nature, geographic proximity, and history of support of similar causes (Joint Decl. at ¶¶ 9-11) as well as the PSLRA's preference for institutional investors and permissive appointment of groups. *See infra*, Sections I.(b)2. & 3.

Finally, all other movants for lead plaintiff have either voluntarily withdrawn their motions or filed a notice of non-opposition to the remaining motions, which underscores the

[3] Due to logistical difficulties, there has been a delay in obtaining Clal's signature. Pomerantz and Cohen Milstein will file it promptly upon receipt.

eminent propriety of the appointment of Eisenberg and the Mellanox Institutional Investor Group as Lead Plaintiffs. Doing so eliminates the need for further litigation on the pending motions and related costs and delay, and serves Class members' interest in proceeding with prosecution of their claims.

The plain language of the PSLRA specifically instructs that the Court "shall appoint as lead plaintiff the member ***or members*** of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). The presumptive lead plaintiff, *i.e.*, the one most capable of adequately representing the class, is the one who "has the largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc). Here, there is no doubt that Movants have the largest financial interest in the relief sought by the Class. Eisenberg and the Mellanox Institutional Investor Group had the most, and second-most, financial losses among all the movants for lead plaintiff who initially filed.

Moreover, Eisenberg and the Mellanox Institutional Investment Group satisfy the typicality and adequacy requirements of Rule 23. Movants have submitted signed certifications indicating their transactions in the shares of Mellanox Technologies, Ltd. ("Mellanox" or the "Company") which are at issue in this case, and have attested to their willingness to serve as representative parties on behalf of the Class. *See* Joint Decl. at ¶¶ 6, 11. Additionally, Eisenberg's and the Mellanox Institutional Investor Group's claims are typical of those of the Class, as Movants' claims are predicated on the same operative facts and course of conduct which damaged the rest of the Class. Movants purchased Mellanox shares throughout the Class Period and suffered substantial losses as a result thereof. *See* Joint Decl. at ¶ 6. By providing signed certifications and a supplemental declaration, Movants have demonstrated they are aware

of the obligations that accompany their appointment as Lead Plaintiffs and are ready, willing, and able to vigorously pursue and fully participate in this litigation on behalf of the Class. *See* Joint Decl. at ¶¶ 9-11.

Accordingly, because Eisenberg and the Mellanox Institutional Investor Group maintain the largest financial interest and readily meet their burden under Rule 23, they are, together, the "presumptively most adequate plaintiff" under the statutory requisites of the PSLRA and should be appointed by the Court as Lead Plaintiffs for the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Furthermore, Movants have selected the law firms of Cohen Milstein and Pomerantz as proposed Co-Lead Counsel, subject to Court approval. Both law firms have extensive experience in securities class action litigation and are well-qualified to prosecute this Action. Moreover, Movants are aware that Cohen Milstein and Pomerantz have previously been appointed as lead counsel together, and have already exhibited an ability to work together in an efficient fashion in the class's best interests. *See* Joint Decl. ¶ 12. Accordingly, Movants' lead counsel selection should be approved by the Court.

## ARGUMENT

### I. Eisenberg and the Mellanox Institutional Investor Group Are the Most Adequate Plaintiffs and Should Be Appointed Lead Plaintiffs

Within the Second Circuit, the procedure for appointing lead plaintiff is as follows:

> Pursuant to the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members .... The PSLRA creates a "rebuttable presumption" that the "most adequate plaintiff" "is the person or group of persons" who "has the largest financial interest in the relief sought by the class," provided that such person or persons satisfies Rule 23's requirements.

*In re CMED Sec. Litig.*, No. 11 Civ. 9297 (KBF), 2012 WL 1118302, at *2-3 (S.D.N.Y. Apr. 2, 2012) (appointing a group, comprised of an individual and institutional investor, as lead plaintiff)

(citations omitted). As demonstrated below, Eisenberg and the Mellanox Institutional Investor Group have shown that they have the largest financial interests in this case and also satisfy Rule 23's adequacy and typicality requirements.

### (a) Eisenberg and the Mellanox Institutional Investor Group Have the Largest Financial Interests in the Relief Sought by the Class

Pursuant to the PSLRA, the Court must first determine which of the competing movants has the "largest financial interest" in the litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08764-AKH, 2009 WL 1321167, at *1-2 (S.D.N.Y. May 11, 2009) (Hellerstein, J.) (appointing plaintiff because it "appear[ed] to have a greater financial interest" through its larger financial losses and its purchase of a higher number of shares). As shown in previous filings, Eisenberg and the Mellanox Institutional Investor Group had the highest and second-highest financial stakes in this litigation as measured by numbers of shares purchased, expenditures and losses.

| | **Shares Purchased During Class Period** | **Net Shares Purchased** | **Net Expenditures** | **LIFO Loss/(Gain)** |
|---|---|---|---|---|
| Eisenberg | 2,566,667 | 1,531,072 | $ 132,457,153.69 | $ 48,533,408.12 |
| Mellanox Institutional Investor Group | 2,353,615 | 2,207,359 | $ 164,372,498.26 | $ 47,704,934.00 |

According to the table above, Movants clearly possess a substantial financial stake in this Action, and easily satisfy the PSLRA's intention of ensuring zealous prosecution of the Class's claims.

**(b) Eisenberg and the Mellanox Institutional Investor Group Satisfy Rule 23 Requirements and Should Be Appointed Lead Plaintiffs**

"As for satisfying the requirements of Fed. R. Civ. P. 23, '[a]t this stage of the litigation, the moving plaintiff is only required to make a preliminary showing that the adequacy and typicality requirements have been met.'" *In re Elan Corp.*, 2009 WL 1321167, at *2 (citation omitted). Eisenberg and the Mellanox Institutional Investor Group have more than met this burden.

**1. Eisenberg's and the Mellanox Institutional Investor Group's Claims Are Typical of Those of Other Class Members**

"Typicality exists where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "Typicality of claims exists … even if some 'minor variations' exist in the factual allegations asserted by different class members," and, as such, "need not be identical to the claims alleged by other class members." *Constance Szcesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (citation omitted). In assessing typicality, "the Court scrutinizes (1) whether the proposed class counsel is 'qualified, experienced, and generally able to conduct the litigation'; (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims." *Id.* (citations omitted).

Here, Eisenberg's and the Mellanox Institutional Investment Group's claims are typical of the Class because Movants purchased Mellanox shares relying on the same false and misleading statements relied upon by other Class members, and, like other Class members, incurred damages as a result of the Defendants' violations of the federal securities laws. The interests of Eisenberg and the Mellanox Institutional Investment Group are closely aligned with

those of other Class members and they are, therefore, typical of the other members of the Class. Finally, Movants have proposed amply qualified law firms for appointment as Lead Counsel.

**2. Eisenberg and the Mellanox Institutional Investment Group Will Adequately Represent the Class**

"In assessing adequacy, the court should consider: '(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members.'" *In re Elan Corp.*, 2009 WL 1321167, at *2 (citation omitted).

Eisenberg and the Mellanox Institutional Investor Group have represented that they will protect the interests of the Class, as reflected in their Joint Declaration affirming their interest in serving as Lead Plaintiffs in this Action, and they are not aware of any antagonism between their interests and those of the Class. With a vast amount of money at stake in this case, Eisenberg and the Mellanox Institutional Investor Group are extremely motivated to pursue the claims in this Action. *See* Joint Decl. at ¶¶ 6-7, 10-11.

As sophisticated and institutional investors, moreover, Movants are precisely the type of lead plaintiffs envisioned by Congress when it enacted the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995) ("The Conference Committee believes that increasing the role of institutional investors … will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). "According to Congress, institutional investors appointed as lead plaintiffs would be the most competent plaintiff to select and control lead counsel." Moore's Federal Practice § 23.191[3][b][v]. In fact, "Congress clearly envisioned that various financial institutions – pension funds, insurance companies, and mutual funds – were the most likely types of investors who could combine a large financial stake in the suit's outcome with the sophistication to guide the suit to an appropriate result." James D. Cox

& Randall S. Thomas, "Does the Plaintiff Matter?," 106 Columbia L. Rev. 1587, 1588-89 (November 2006); *see also Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.") (quoting *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005)); *Malasky v. IAC/Interactive Corp.*, No. 04 Civ. 7447 (RJH), 2004 WL 2980085 (S.D.N.Y. Dec. 21, 2004) and *Malasky v. IAC/Interactive Corp.*, No. 04 Civ. 7447 (RJH), WL 549548 (S.D.N.Y. Mar. 7, 2005) (appointing, along with the individual lead plaintiff with the largest sole financial loss, an institutional investor as co-lead plaintiff).[4]

**3. Appointment of Investor Groups is Proper Under the PSLRA**

Eisenberg and the Mellanox Institutional Investor Group are a small, cohesive group of four substantial investors and their subsidiaries. Their cohesive nature, geographic proximity, history of support of similar causes, and aligned interests, as well as their substantial resources, position them as appropriate candidates for appointment, together, as Lead Plaintiffs. Indeed, "[t]he rebuttable presumption created by the PSLRA which favors the plaintiff with the largest financial interest was not intended to obviate the principle of providing the class with the most adequate representation and … [a]llow[s] for diverse representation … [which] ensures that the

[4] Eisenberg's and the Mellanox Institutional Investor Group's status as foreign institutional investors, moreover, does not detract from their adequacy where, like other members of the Class, they purchased shares of Mellanox on the NASDAQ, a domestic exchange. Since enactment of the PSLRA, courts have regularly appointed foreign institutional investors to serve as lead plaintiffs. The Supreme Court's decision in *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. ___, 130 S. Ct. 2869 (2010), does not change the propriety of doing so in any way. *Morrison* only impacted the ability of foreign investors (and arguably U.S. investors) to bring federal securities claims where the underlying securities at issue were purchased on a foreign exchange, which, of course, is not the case here. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133-34 (S.D.N.Y. 2011) (holding that "nothing in [*Morrison*] provides any support for the notion that foreign investors are not adequate plaintiffs in United States courts when the securities at issue were purchased on a United States exchange," and appointing a Danish pension fund lead plaintiff).

interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (appointing a state pension fund, significant individual investors and a large institutional investor as co-lead plaintiffs). Many district courts have approved of cooperative solutions proposed by groups of investors that filed competing motions but later joined together recognizing they had the largest financial interests of any of the other movants. *See Montoya v. Mamma.com Inc.*, No. 05 Civ. 2313 (HB), 2005 WL 1278097, at *1-2 (S.D.N.Y. May 31, 2005) (Baer, J.) (appointing two co-lead plaintiffs each comprised of a group of investors which had the largest and second largest financial interest of any of the movants in the case); *see also Minneapolis Firefighters' Relief Assoc. v. Medtronic, Inc.*, 278 F.R.D. 454 (D. Minn. 2011); *In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562 (D.N.J. 2006); *In re Hospira, Inc. Sec. Litig.*, No. 11-cv-08332 (N.D. Ill. April 18, 2012) (minute order appointing multiple institutional investors to serve as lead plaintiffs).

## II. The Court Should Approve Eisenberg's and the Mellanox Institutional Investor Group's Choice of Co-Lead Counsel

The PSLRA states that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Movants have selected Cohen Milstein and Pomerantz to serve as Co-Lead Counsel for the Class. Both law firms have extensive experience in the area of shareholder litigation, and both have successfully litigated numerous securities class actions and are well-qualified to serve as Co-Lead Counsel. *See* Dkt. 17 at Ex. D (Cohen Milstein's firm resume); Dkt. 24 at Ex. E (Pomerantz's firm resume). Cohen Milstein and Pomerantz have served as lead counsel in numerous securities fraud actions in this District for many years and before many of this District's judges; additionally, they currently serve as co-lead counsel in a securities class action

litigation. *Bruce v. Suntech Power Holdings Co. Ltd.*, No. CV 12-4061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing lead plaintiff and appointing Cohen Milstein and Pomerantz as co-lead counsel). Thus, the Court may be assured that by granting Eisenberg's and the Mellanox Institutional Investor Group's motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the additional foregoing reasons, Eisenberg and the Mellanox Institutional Investor Group respectfully request that the Court: (i) appoint them as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4; and (ii) approve their selection of the law firms Cohen Milstein and Pomerantz to serve as Co-Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). For the Court's convenience, Eisenberg and the Mellanox Institutional Investor Group have attached a Stipulation for [Proposed] Order Appointing Lead Plaintiffs and Approving Co-Lead Counsel. *See* Bunch Decl., Ex. 2.

Dated: April 25, 2013

Respectfully submitted,

COHEN MILSTEIN SELLERS
& TOLL PLLC

/s/ S. Douglas Bunch
Steven J. Toll
Daniel S. Sommers
S. Douglas Bunch (SB-3028)
Genevieve O. Fontan (GF-1906)
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Michael Eisenkraft (ME-6974)
88 Pine Street, Fourteenth Floor
New York, New York 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

***Attorneys for Movant Eisenberg O. Management & Consulting Ltd. and Proposed Co-Lead Counsel for the Class***

Jacob Sabo
LAW OFFICE OF JACOB SABO
# 3 Daniel Frisch St. (24th floor)
Tel-Aviv 64731
Telephone: 03-7161555
Facsimile: 03-7161556

***Attorney for Movant Eisenberg O. Management & Consulting Ltd.***

Marc I. Gross
Jeremy A. Lieberman
POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

***Attorneys for Movant the Mellanox Institutional Investor Group and Proposed Co-Lead Counsel for the Class***