USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/14/13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PATRICK BARNICLE, on Behalf of Himself and Others Similarly Situated,

Plaintiff,

vs.

MELLANOX TECHNOLOGIES, LTD, EYAL WALDMAN, MICHAEL GRAY and JACOB SHULMAN,

Defendants.

Case No. 13-cv-00925 (AKH)

VALENTIN PETROV, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

MELLANOX TECHNOLOGIES, LTD, EYAL WALDMAN, MICHAEL GRAY and JACOB SHULMAN,

Defendants.

Case No. 13-cv-01225 (AKH)

DAVID R. RYAN, JR., Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

MELLANOX TECHNOLOGIES, LTD, EYAL WALDMAN, MICHAEL GRAY and JACOB SHULMAN,

Defendants.

Case No. 13-cv-01047 (AKH)

**~~[PROPOSED]~~ ORDER APPOINTING LEAD PLAINTIFFS, APPROVING CO-LEAD COUNSEL, AND CONSOLIDATING CASES**

WHEREAS, on February 7, 2013, plaintiff Patrick Barnicle ("Barnicle") commenced the instant action by the filing of a complaint against defendants Mellanox Technologies, Ltd. ("Mellanox" or the "Company"), Eyal Waldman, Michael Gray, and Jacob Shulman (collectively, "Defendants") alleging violations of federal securities laws (the "Barnicle Complaint");

WHEREAS, pursuant to Section 21D(a)(3)(A) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4 (a)(3)(A)(i)(I-II), counsel for Barnicle caused to be published a Notice of Pendency on *Business Wire* on February 7, 2013, advising members of the purported Class of, *inter alia*, (1) the pendency of the action, (2) the claims asserted therein, (3) the purported Class Period, and (4) that, not later than 60 days after the date on which the Notice was published, any member of the purported Class may move the court to serve as Lead Plaintiff of the Class;

WHEREAS, on April 8, 2013, motions for appointment of Lead Plaintiff and Lead Counsel were filed by the following: (1) Eisenberg O. Management & Consulting Ltd. ("Eisenberg"); (2) Harel Provident Funds and Education Funds Ltd., Harel Atidit Provident Funds Ltd., Harel Pension Fund Management Company Ltd., Israeli Shares Partnership, and Dikla Insurance Company Ltd. (collectively, "Harel"); Clal Insurance Ltd., Clal Pension and Provident Fund Ltd. and Atudot Pension Fund for Employees and Independents Ltd. (collectively, "Clal"); and, Menora Mivtachim Pension Ltd., Menora Mivtachim Insurance Ltd. and Menora Mivtachim and Histadrut Hamehandesim Management Provident Funds Ltd. (collectively "Menora" and, together with Harel and Clal, "the Mellanox Institutional Investor Group"); (3) KBC Asset Management NV ("KBC"); and (4) Shailesh Kadakia, MD ("Kadakia");

WHEREAS, on April 9, 2013 (Dkt. 29), April 12, 2013 (Dkt. 33), and April 24, 2013 (Dkt. 37) Kadakia withdrew his motions and on April 25, 2013 (Dkt. 39) KBC withdrew its motion;

WHEREAS, 15 U.S.C. § 78u-4(a)(3)(B)(iv) provides that, subject to the approval of the Court, the most adequate plaintiff will select and retain counsel to represent the Class, and that Eisenberg and the Mellanox Institutional Investor Group have selected and retained the law firms of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Pomerantz Grossman Hufford Dahlstrom & Gross LLP ("Pomerantz"), respectively, to pursue this litigation on behalf of the Class if they are appointed Lead Plaintiffs;

WHEREAS, Eisenberg and the Mellanox Institutional Investor Group collectively have agreed to serve as Co-Lead Plaintiffs and believe that it is in the best interests of the Class to jointly litigate this action; and

WHEREAS, Eisenberg and the Mellanox Institutional Investor Group collectively have agreed to the selection of Cohen Milstein and Pomerantz as Co-Lead Counsel;

IT IS HEREBY ORDERED that:

1. Eisenberg and the Mellanox Institutional Investor Group are appointed Co-Lead Plaintiffs for the above-captioned actions and any subsequently filed consolidated actions, pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

2. Eisenberg's and the Mellanox Institutional Investor Group's selections of Cohen Milstein Sellers & Toll PLLC and Pomerantz Grossman Hufford Dahlstrom & Gross LLP are hereby approved as Co-Lead Counsel.

3. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

a. to coordinate the briefing and argument of any and all motions;

b. to coordinate the conduct of any and all discovery proceedings;

c. to coordinate the examination of any and all witnesses in depositions;

d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f. to coordinate all settlement negotiations with counsel for defendants;

g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

h. to coordinate the preparation and filings of all pleadings; and

i. to supervise all other matters concerning the prosecution or resolution of the action.

j. to perform all the above economically and efficiently.

4. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

5. Co-Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

6. Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Co-Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

7. The above-captioned actions are hereby consolidated for pre-trial purposes into one action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, 15 U.S.C. § 78u-4(a)(3)(B)(ii), along with any future-filed or transferred tag-along action relating to Mellanox Technologies, Ltd.

8. The instant actions and any tag-along actions shall be referred to herein as the "Consolidated Action." This Order shall apply to the Consolidated Action and to any and all cases that are subsequently filed in this Court or transferred to this Court, which action is brought against the defendants and/or any other past or present employee or agent of any defendant, which action is brought on behalf of purchasers of securities of Mellanox Technologies, Ltd.

9. The short caption for the Consolidated Action shall be "In re Mellanox Technologies, Ltd., Securities Litigation, Civil Action No. 13-cv-00925 (AKH)." Every pleading in this Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE MELLANOX TECHNOLOGIES, LTD. | ) | |
| SECURITIES LITIGATION | ) | No. 13-cv-00925 (AKH) |
| | ) | |

10. This Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case which might properly be consolidated as part of the Consolidated Action.

**SO ORDERED.** as revised

Dated: May 14, 2013
New York, New York

Honorable Alvin K. Hellerstein
United States District Judge