UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

IN RE MELLANOX TECHNOLOGIES LTD.
SECURITIES LITIGATION

**ORDER GRANTING MOTION TO TRANSFER**

13 Civ. 925 (AKH)

------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      This is a Securities Class Action. Plaintiffs are health, welfare and pension funds that purchased shares in Mellanox Technologies, Ltd. between April 19, 2012 and January 2, 2013, on NASDAQ or the Tel Aviv Stock Exchange. Defendant Mellanox is an Israeli company with an office in the United States in Sunnyvale, California. Defendants Eyal Waldman, Michael Gray, and Jacob Shulman are Mellanox executives. The basis of personal jurisdiction are alleged misrepresentations made in New York City. The Complaint runs to 82 pages and 163 numbered paragraphs.

      Defendants filed a motion to dismiss for failure to state a legally sufficient claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6), and a motion to transfer venue to the Northern District of California, pursuant to 28 U.S.C. §1404(a). I discuss in this order only the latter motion and, because I order the case transferred, I leave the motion to dismiss for the transferee court.

      This case should be transferred. Since plaintiffs are class representatives, their choice of venue is entitled to "less deference" than that of individual parties. See In re Geopharma, Inc., 04 Civ. 9463(SAS), 2005 WL 1123883 (S.D.N.Y. May 11, 2005). Although the locations of the plaintiffs, all of them institutions, are not alleged, they appear from their names to be based in Israel. The financial operations of Mellanox, and all knowledgeable

1

witnesses, are located in or around Sunnyvale, California, or in Israel. The purchases of securities are alleged to have been made, without explanation of the nature of the transactions or the locations of the parties involved in the transactions, on the Tel Aviv Stock Exchange or on NASDAQ. However, although NASDAQ is located in New York City, and analyst meetings at which some misrepresentations allegedly were made took place in New York City, the factual bases upon which statements must be measured are located in California and in Israel. Cf. Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc., 06 CIV. 1942 (HB), 2006 WL 1524590 (S.D.N.Y. June 5, 2006) (the mere fact that stock was traded on the New York Stock Exchange did not support New York venue when allegedly false or misleading statements were made elsewhere). While plaintiffs urge that the case should remain in New York City, since it would be slightly more convenient for witnesses in Israel, doing so would merely create an inconvenience for those in California without relieving Israeli witnesses of the burdens of intercontinental travel. Furthermore, whichever the location of the court, California or New York, the convenience of Israeli residents can best be served by depositions in that country.

From all of these circumstances, it is clear that the convenience of the parties and witnesses are best served if the case is transferred to the Northern District of California, where Sunnyvale is located.[1] See MBCP Peerlogic, LLC v. Critical Path, Inc., No. 02 Civ. 3310(SWK), 2002 WL 31729626, at *3-4 (S.D.N.Y. Dec. 5, 2002) (transferring case to district where defendant's headquarters were located and alleged misstatements were made because "[c]onvenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted" (quotation omitted)); In re Stillwater Min. Co. Sec. Litig., 02 Civ. 2806(DC), 2003 WL 21087953 (S.D.N.Y. May 12, 2003)

---

[1] Sunnyvale is in Santa Clara County. The federal courthouse in San Jose California would appear to be the most convenient situs for the lawsuit.

2

(transferring case to location of defendant's headquarters based on convenience to the parties and witnesses).

Accordingly, the Clerk will transfer the case file to the Clerk of the United States District Court for the Northern District of California, drawing attention to the San Jose courthouse as the likely place of transfer. The pending motion to dismiss is respectfully referred to the transferee court for its consideration. The Clerk of this court will mark document number 59 terminated, and close the file. The Clerk will also close the consolidated cases docketed as 13 Civ. 1047 (AKH) and 13 Civ. 1225 (AKH).

SO ORDERED.
Dated: New York, New York
October 10, 2013

_____
ALVIN K. HELLERSTEIN
United States District Judge

3